IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN J. BLACKMAN,

    Petitioner,             No. CIV S-03-1824 LKK KJM P

   vs.

GAIL LEWIS,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The original petition was filed on September 2, 2003 and contained three claims: (1) the court erred in failing to give a unanimity instruction as to one of the robbery counts; (2) the court erred in failing to instruct on carjacking as a lesser included offense to kidnapping for the purpose of carjacking, although it did instruct on kidnapping as a lesser included offense; and (3) the court erred in defining kidnapping for the purpose of carjacking.

        On September 15, 2003, the court directed respondent to answer the claims. Before the answer was filed, petitioner asked that the action be stayed pending his exhaustion of state remedies on additional claims. On December 30, 2003, over respondent's objection, this court granted the stay.

On December 1, 2004, petitioner filed an amended petition, raising six issues: (1) the court erred in failing to give a unanimity instruction as to one of the robbery charges; (2) the trial court instructed the jury that kidnapping was a lesser offense to kidnapping for the purpose of carjacking, but failed to instruct the jury that simple carjacking was also a lesser offense to kidnapping for the purpose of carjacking; (3) the court erred in defining kidnapping for the purpose of carjacking; (4) the evidence is insufficient to support one count of residential robbery; (5) the evidence is insufficient to support the conviction of kidnapping for purpose of carjacking; and (6) appellate counsel was ineffective for failing to raise grounds four and five during the direct appeal process.

Respondent has filed a motion to dismiss on two grounds. She argues that the first claim has not been exhausted and there are no grounds to stay the case for a second time to permit petitioner to return to state court with this claim. She also contends that claims four, five and six were not filed within the statute of limitations and do not relate back to the original petition. Petitioner concedes he has not exhausted the first ground and has agreed that it should be dismissed. He argues, however, that claims four, five and six do relate back to the date of filing of the original petition.

I. <u>The Statute Of Limitations</u>

One of the changes the AEDPA made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

  A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which in this case was June 12, 2002. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).[1] The limitations period began to run on June 13, 2002 and expired June 13, 2003 unless there are grounds for tolling. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

  The statute of limitations is not tolled, however, by the filing of a federal petition. Duncan v. Walker, 533 U.S. 167, 181-82 (2001), nor is it revived by a state petition filed after the AEDPA statute of limitations has run. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003). Accordingly, the new claims included in the amended petition in this case, filed on December 1, 2004, are barred by the statute of limitations unless they relate back to the original, timely petition. Motion To Dismiss, Ex. B (exhaustion petition).

/////
/////
/////
/////

---

[1] The California Supreme Court docket for petitioner's direct appeal shows that the petition for review in case S013339 was denied on March 13, 2002. <http://appellatecases.courtinfo.ca.gov>

II. <u>Relation Back</u>

Rule 15 of the Federal Rules of Civil Procedures provides in part that "an amendment of a pleading relates back to the date of the original pleading" when one of three alternative provisions are met. Subdivision (c)(2) allows an amendment to relate back when

> the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed. R. Civ. P. 15(c)(2); <u>see also</u> 28 U.S.C. § 2242 (habeas petitions may be amended in conformance with civil rules); Rule 11, Rules Governing Section 2254 Cases (civil rules apply if not inconsistent with statute or habeas rules).

In <u>Mayle v. Felix</u>, ___ U.S. ___, 125 S.Ct. 2562 (2005), the Supreme Court examined the interaction between the AEDPA statute of limitations and the relation-back provisions of Rule 15(c)(2). The original petition in that case contained a single Sixth Amendment claim based on the admission of a witness's videotaped out-of-court statement. After the statute of limitations had run, petitioner Felix filed an amended petition, which added a Fifth Amendment claim stemming from the admission of Felix's pre-trial statements to the police and a Sixth Amendment claim of appellate counsel's ineffectiveness for failing to challenge the use of Felix's statements on appeal. <u>Id</u>. at 2567-68.

To determine whether Felix's amended claims related back to the original petition, the court focused on the "key words" of Rule 15(c)(2): "conduct, transaction, or occurrence," and found that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." <u>Id</u>. at 2571-72. Felix's amended petition did not meet this standard because it "targeted separate episodes, the pretrial police interrogation of witness Williams in his original petition, his own interrogation at a different time and place in his amended petition." <u>Id</u>. at 2572.

/////

/////

The Court also relied on Habeas Rule 2, which instructs a petitioner to specify all grounds for relief and state the facts supporting each ground.

> Under that Rule, Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence."

Mayle, 125 S.Ct. at 2573. In a footnote, the Court cited two proper examples of "relating back." The first involved an original challenge to the prosecution's failure to comply with its obligation to provide exculpatory materials to the defense and an amended petition raising the failure to provide a particular report. The Court noted that both pleadings "related to evidence obtained at the same time by the same police department." Id. at 2575 n.7. The second involved an original petition challenging the trial court's admission of a witness's recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show the statements had been recanted. Id.

The Ninth Circuit has not addressed the question of relation back of habeas claims since Mayle. The First Circuit has examined the question and, consistent with its reading of Mayle, strictly construed the relation back doctrine when considering an amended motion to vacate sentence under 28 U.S.C. § 2255.

In United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005), the movant filed a pro se petition challenging, among other things, the district court's failure adequately to inquire into the movant's understanding of the provision for the waiver of appellate rights included in his plea agreement and ineffective assistance of counsel based on his attorney's failure to investigate misstatements in the indictment. Id. at 24. Counsel was appointed and then filed an amended petition raising counsel's ineffectiveness for failing adequately to advise him to appeal one of the counts of conviction and to explain the waiver of appeal. Id. at 22, 24.

The Ciampi court found that the new claims did not relate back. Although both claims "generally related to [movant's] 'understanding' of his appellate waiver," they focused on

5

1  wholly different aspects and actors.  Id. at 24.  Moreover, the claim of ineffective assistance of
2  counsel in the original petition was based on different occurrences:

> [A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance.

Id. at 24.  Similarly, a case cited with approval in Mayle held relation back would be proper if a claim in an amended petition clarifies or amplifies a claim raised in the original petition, but would not be allowed if it added a new claim or inserted a new theory into the case.  Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (cited in Mayle, 125 S.Ct. at 2575 n.7).

Applying the Mayle test, the court finds that claims four, five and six in the amended petition, challenging the sufficiency of the evidence and assistance of appellate counsel, do not relate back to the original petition.  They do not arise out of the same core of operative facts as those underlying the original claims based on jury instructional error.

With the parties' input, the court finalizes the jury instructions at the close of the evidence.  The prosecutor, and defense counsel to a lesser extent, controls the presentation of the evidence that underlies any determination of evidentiary sufficiency.  Evaluation of jury instruction error requires a court to consider the impact of the omitted or incorrect instruction in the context of the overall charge.  Boyde v. California, 494 U.S. 370, 378 (1990).  Evaluation of the sufficiency of the evidence, in contrast, requires a court to review the evidence presented to the jury and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).  A claim of ineffective assistance of appellate counsel is based on what happened on appeal, though there is some connection with the trial process.  The new claims in the amended petition do not amplify or clarify any of the original claims, are based on different aspects of the criminal process, and involve different theories and analyses than those presented in the original petition.

1 Accordingly, the issues in the amended petition do not relate back to the initial
2 petition. Because they were filed after the AEDPA statute of limitations had run, they are not
3 properly before this court.

4 Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
5 dismiss be granted and the petition proceed on claims two and three of the amended petition filed
6 December 1, 2004.

7 These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties. Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
12 shall be served and filed within ten days after service of the objections. The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: February 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/blac1824.157